NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0198n.06
Filed: March 24, 2006

No. 04-6119

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| CHARLES A. PAYNE, | ) | |
| | ) | |
| Defendant - Appellant. | ) | |

Before: GIBBONS, GRIFFIN, and BRIGHT[*], Circuit Judges.

PER CURIAM. A jury convicted Charles Payne of manufacturing and possessing with

intent to manufacture and distribute marijuana, possession of methamphetamine, and possession of

firearms in furtherance of a drug trafficking crime. Payne appeals his conviction and sentence,

arguing that (1) the district court erred in permitting the prosecution to recall a deputy sheriff to

testify that Payne did not have a hunting license after Payne had advanced the defense theory that

he possessed the firearms[1] for hunting and target shooting; (2) the district court erred in light of

United States v. Booker, 543 U.S. 220 (2005), and United States v. Harris, 397 F.3d 404 (6th Cir.

2005), because Payne's sentence was increased based on the judge's determination of firearm type;

and, (3) the district court committed plain error by sentencing Payne under a now impermissible

---

[*] The Honorable Myron H. Bright, Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

[1] The jury determined Payne possessed in furtherance of his drug activity two .38 caliber
revolvers, a .22 caliber rifle, and a .762 caliber assault rifle.

mandatory sentencing guidelines system. With respect to the first point on appeal, we affirm because Payne has not shown plain error. The government concedes the second and third points on appeal.

## BACKGROUND

On December 10, 2002, the police went to Payne's residence on suspicion of drug activity. After obtaining Payne's consent, the police searched his house and found methamphetamine, products used in the manufacture of methamphetamine, 5.1 pounds of marijuana, and six guns.[2] The guns were found in the kitchen, about five feet from the marijuana, and some of the guns were propped against the kitchen wall. Evidence presented at trial showed four of the six guns were loaded.

At trial, Payne's main defense to the weapons charge was that he owned the guns because he was a hunter and gun collector. Payne's girlfriend testified that Payne collected guns and occasionally used them to target shoot or hunt game. Payne's residence was situated on thirty-eight acres of land. The government later recalled a deputy sheriff, Tracey Batey, to testify that Payne did not have a hunting license. Batey's recall testimony in its entirety is as follows:

BY [PROSECUTOR]:

> Q.    Good morning. At my request, have you checked to see whether the defendant, Charles Anthony Payne, had a hunting license in December of 2002?
> A.    Yes, sir, I did. I checked with the Kentucky Fish and Wildlife.
> Q.    Did he have a license?

---

[2] The police also found four additional "fake" guns in Payne's house, but these did not figure into the trial.

A.        No, sir, he did not.[3]

J.A. at 91.

Payne did not object to this testimony and did not cross-examine Batey. Payne did not testify on his own behalf. Although neither side mentioned it at trial, Ky. Rev. Stat. § 150.170(3) allows landowners and tenants to shoot game on their own property without first procuring a license.

The jury convicted Payne of manufacture and possession with intent to distribute marijuana, as well as simple possession of methamphetamine. The jury also found that Payne possessed four of the six charged guns, specifically those guns that were loaded, in furtherance of his drug trafficking crime. The district court sentenced Payne to two concurrent six-month terms for the first two counts and a consecutive 126-month term for the third count. Payne now appeals his conviction and sentence.

## DISCUSSION

*a. The recall testimony of Tracey Batey*

Payne maintains that the district court erred in allowing the recall testimony of deputy sheriff Tracey Batey. He also argues that the government's recalling of Batey rose to the level of prosecutorial misconduct. As we have noted, Batey testified that he had checked with the Kentucky Fish and Wildlife Department and had been told that Payne did not have a hunting license. Because Payne did not object to this testimony at trial, the appellate court reviews it for plain error. Under the plain error standard, a reviewing court will correct an error only if the error is (1) plain, (2)

---

[3] The questioned testimony in this case was clearly hearsay and perhaps not relevant. We shall assume that the trial judge would have excluded the testimony on proper objection.

affects substantial rights, and (3) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Cotton, 535 U.S. 625, 632 (2002).

The admission of Batey's testimony did not constitute plain error. This testimony did not affect Payne's substantial rights. Whether Payne used the guns for hunting appeared to be of lesser importance to the jury than the fact that the guns were loaded and in close proximity to the drugs. Moreover, some of the weapons, particularly an assault rifle and handguns, would not be used to hunt. Finally, the claim of using the guns or any of them for target shooting is eroded by evidence that both handguns were loaded. A target shooter is unlikely to keep his target guns loaded and ready for use while the guns are in the home. If Payne's lack of a hunting license were crucial to the jury's determination, the jury probably would have determined that all six guns were used in association with the drug trafficking. We emphasize that only the loaded guns, close to the drugs, were the offending weapons. In addition, the government points out that the circumstances could indicate that Payne possessed the guns both for hunting and in furtherance of his drug trafficking crimes, and thus the knowledge that the defendant could hunt on his own land without a hunting license would not necessarily establish the defense.

In connection with the above argument, Payne asserts that the government's action in recalling Batey constituted prosecutorial misconduct. This claim fails as well. Batey was not recalled to testify until just before the trial concluded, and the defense chose not to object to this testimony. In addition, the evidence that Batey gave did not appear to be crucial to the jury's determination that four of Payne's six guns were used in furtherance of drug trafficking. In order for a prosecutorial misconduct claim to succeed, the prosecutor's statements must have been

improper, and they must have been flagrant and warrant reversal. United States v. Crayton, 357 F.3d

560, 572 (6th Cir. 2004). "To warrant a new trial, however, prosecutorial misconduct must be so

pronounced and persistent that it permeates the entire atmosphere of the trial." United States v.

Krebs, 788 F.2d 1166, 1177 (6th Cir. 1986). Batey's recall testimony did not rise to the level of

prosecutorial misconduct required for a new trial. Id.

*b. Sentencing under 18 U.S.C. § 924(c)*

Payne next maintains that his sentence under 18 U.S.C. § 924(c) violates United States v.

Booker, 543 U.S. 220 (2005), and United States v. Harris, 397 F.3d 404 (6th Cir. 2005). The district

court sentenced Payne to the section 924(c) ten-year mandatory minimum triggered by the use of

semiautomatic assault weapons, as opposed to the five-year mandatory minimum for non-

semiautomatic weapons. Weapon type, however, was neither charged in the indictment nor

presented to the jury. Under United States v. Harris, firearm type for section 924(c) purposes is an

element of the offense rather than a sentencing factor and therefore must be charged in the

indictment and proved beyond a reasonable doubt. 397 F.3d at 412. The government concedes and

we agree that, under Harris, this court should vacate the district court's application of the 18 U.S.C.

§ 924(c)(1)(B)(i) penalty and remand for resentencing.

*c. Sentencing under the mandatory sentencing guidelines system*

Finally, Payne argues that this court should remand for resentencing on all three counts

because the district court sentenced him under a now impermissible mandatory sentencing

guidelines system. The government concedes this point as well. Under United States v. Barnett,

it is plain error for a defendant "to be sentenced under a mandatory Guidelines regime that has now

become advisory." 398 F.3d 516, 526 (6th Cir. 2005). Such cases should be remanded for resentencing unless the record "contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." Id. at 529. The district court sentenced Payne at the low end of the guidelines range, making this a "particularly strong" case for remand. United States v. Sanders, 404 F.3d 980, 988 (6th Cir. 2005).

We affirm the convictions but vacate the sentences and remand for resentencing.